## STATE v. STEELE.
### No. 11562.
Circuit Court, Leon County, Criminal Appeal.

January 18, 1967.

C. DuBose Ausley of Ausley, Ausley, McMullen, O'Bryan, Michaels & McGehee, Tallahassee, for appellant.

Jim L. Dye, County Prosecuting Attorney, for appellee.

GUYTE P. McCORD, Jr., Circuit Judge.

This is an appeal from a judgment of the county judge's court of Leon County, by which appellant, Alex Ray Steele, was adjudged guilty of driving a motor vehicle while under the influence of intoxicating liquor and affected to the extent that his normal faculties were impaired. The only point argued in the appellant's brief relates to the question whether or not the court below was in error in allowing the deputy sheriff and the highway patrol officer who investigated an accident to testify that defendant told them he was the driver of the one car involved in such accident. Without this testimony there was no evidence that appellant was driving the automobile immediately prior to the accident. The answer to the question hinges upon the construc-

tion to be placed upon §317.171, Florida Statutes, the pertinent part of which is as follows —

> *Accident reports confidential.* — All accident reports made by persons involved in accidents shall be without prejudice to the individual so reporting and shall be for the confidential use of the department or other state agencies having use of the records for accident prevention purposes, except that the department may disclose the identity of a person involved in an accident when such identity is not otherwise known or when such person denies his presence at such accident . . .

From the evidence it appears that the identity of appellant as the driver of the automobile involved in the accident was not known other than through defendant's admission. Thus the exception to the confidentiality of the accident report to the limited extent of establishing the identity of appellant as the driver of the vehicle is applicable. The court below was not in error in allowing such evidence and in refusing a requested jury charge of appellant to disregard such testimony. This court agrees with the appellate ruling of the Dade County circuit court to this same effect in State v. Richards, 17 Fla. Supp. 178. Affirmed.